IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| DANNY R. RIVERS, | § | |
| TDCJ No. 01775951, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 7:17-cv-00124-O-BP |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is an Amended Petition for Writ of Habeas Corpus filed by Petitioner

Danny Rivers pursuant to 28 U.S.C. § 2254. ECF No. 27. After considering the claims alleged in

the Petition, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor

**DISMISS** the Petition **with prejudice**.

**Background**

Petitioner Danny Rivers ("Rivers") is an inmate confined in the James V. Allred Unit of

the Texas Department of Criminal Justice in Iowa Park, Texas. ECF No. 27. Rivers challenges the

validity of his state conviction and sentencing for continuous sexual abuse of a child, indecency

with a child, and possession of child pornography. *Id.* at 27-2 at 2. Rivers seeks federal habeas

relief based on claims of ineffective assistance of trial counsel, ineffective assistance of appellate

counsel, denial of an impartial jury, denial of a fair trial due to prosecutorial misconduct, the

unconstitutionality of Article 21.02 of the Texas Penal Code, unconstitutional proceedings of his

grand jury selection, and judicial impropriety. *Id.* at 6.

On February 22, 2012, Rivers pleaded not guilty to continuous sexual abuse with a child

and indecency with a child. ECF No. 19 at 3. A jury convicted him at trial, and he was sentenced

to thirty years' imprisonment for continuous sexual abuse of a child and three years' imprisonment

for indecency with a child. *Id.* He appealed his conviction to the Eighth Court of Appeals of Texas

("COA"), which affirmed. *Id*; *Rivers v. State*, 08-12-00145-CR, 2014 WL 3662569, at \*1 (Tex.

App.—El Paso July 23, 2014, pet. ref'd). The Texas Court of Criminal Appeals ("TCCA") refused

his petition for discretionary review ("PDR"). ECF No. 19 at 3. Rivers then filed two state habeas

application on January 27, 2016. *See Ex parte Rivers*, Nos. WR-84,550-01 & 84,550-02, 2016 WL

5800277 (Tex. Crim. App. Oct. 5, 2016). The TCCA remanded to the trial court for findings of

fact and conclusions of law concerning Rivers's ineffective assistance of counsel claims. *Id.* The

TCCA then denied in part and dismissed in part Rivers's application for habeas relief with written

order on the findings of the trial court. *Ex parte Rivers*, Nos. WR-84,550-01 & 84,550-02, 2017

WL 338091 (Tex. Crim. App. June 7, 2017).

Rivers filed his original petition in this Court on August 30, 2017 (ECF No. 1), and filed

his amended petition on March 19, 2018 (ECF No. 27). Pursuant to this Court's Order (ECF No.

11), the State filed an answer in which it argued that River's petition should be dismissed because

his claims lack merit. ECF No. 19. Rivers filed his reply on April 12, 2018. ECF No. 30.

## Legal Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides in

pertinent part that:

(d)    An application for a writ of habeas corpus on behalf of a person in custody pursuant
to the judgment of a State court shall not be granted with respect to any claim that
was adjudicated on the merits in State court proceedings unless the adjudication
of the claim –

(1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (2016).

Under the "contrary to" clause, a federal court may grant a writ of habeas corpus if the state court either arrived at a conclusion opposite to that reached by the United States Supreme Court on a question of law or decided a case differently from the United States Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 412–13 (2000); *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir. 2000). Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court either unreasonably applied the correct legal rule to the facts of a particular case or unreasonably extended a legal principle from Supreme Court precedent to a new context where it should not have applied or unreasonably refused to extend that principle to a new context where it should have applied. *Williams*, 529 U.S. at 407. The standard for determining whether a state court's application was unreasonable is an objective one and applies to all federal habeas corpus petitions that, like the instant case, were filed after April 24, 1996, provided that they were adjudicated on the merits in state court. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). In the context of habeas corpus, "adjudicated on the merits" is a term of art referring to a state court's disposition of a case on substantive rather than procedural grounds. *Green v. Johnson*, 116 F.3d 1115, 1121 (5th Cir. 1997).

Upon a finding of state court compliance with the "contrary to" clause of 28 U.S.C. § 2254(d)(1), federal courts give deference to the state court's findings unless such findings violate the "unreasonable application" clause of 28 U.S.C. § 2254(d)(2). *Chambers*, 218 F.3d at 363. The "unreasonable application" clause concerns only questions of fact. *Hill v. Johnson*, 210 F.3d 481,

3

485 (5th Cir. 2000). The resolution of factual issues by the state court is presumed to be correct and will not be disturbed unless the petitioner rebuts the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Sumner v. Mata*, 449 U.S. 539, 550 (1981). Absent such evidence, the presumption of correctness is applied provided that the state court findings are evidenced in writing, issued after a hearing on the merits, and are fairly supported by the record. 28 U.S.C. § 2254(d); *Burden v. Zant*, 498 U.S. 433, 436–37 (1991); *Williams v. Scott*, 35 F.3d 159, 161 (5th Cir. 1994).

## ANALYSIS

Rivers challenges his conviction on the following seven grounds: (1) his trial counsel's representation was ineffective; (2) his appellate counsel's representation was ineffective (3) he was denied the right to an impartial jury; (4) he was denied a fair trial due to prosecutorial misconduct; (5) Article 21.02 of the Texas Penal Code is unconstitutional; (6) the grand jury proceedings were unconstitutional; (7) and he was denied a fair trial due to judicial impropriety.

### I.   Ineffective Assistance of Trial Counsel

The Sixth Amendment of the United States Constitution guarantees a criminal defendant "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To obtain habeas relief on a claim of ineffective assistance of counsel, the petitioner must prove (1) that his counsel's performance was deficient and (2) that it prejudiced him. *Id.* To satisfy the first prong of *Strickland*, a petitioner must demonstrate that "counsel's representation fell below an objective standard of reasonableness." *Id.* To prove prejudice under the second prong, a petitioner must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* Moreover, a reasonable

4

probability "requires a 'substantial,' not just 'conceivable,' likelihood of a different result." *Cullen*

*v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Harrington v. Richtner*, 562 U.S. 86 (2011)).

Rivers argues that his trial counsel, Rick Mahler ("Mahler"), Frank Trotter ("Trotter"), and

Mark Barber ("Barber"), rendered ineffective assistance. Rivers lists sixteen grounds for

ineffective assistance of trial counsel, but he does not elaborate on the majority of these grounds.

Thus, the undersigned shall only address the grounds that Rivers does explain. These grounds are

whether Rivers's counsel were ineffective for improperly advising Rivers not to testify at trial;

failing to call expert witnesses to verify Rivers's child pornography charges; failing to interview

any of the witnesses Rivers provided to his counsel; and failing to conduct a reasonable

investigation of his case. ECF No. 27-2 at 30–31.

In response to these claims, the State relies on the findings of the state habeas court, which

were adopted by the TCCA. ECF No. 19 at 10. The state habeas court found that Mahler, Trotter,

and Barber reviewed evidence, interviewed witnesses on Rivers's witness list, consulted with

Rivers regularly before and during trial, and adequately prepared for trial. *Id.* at 11. Further, all

three trial counsel submitted sworn affidavits to the TCCA stating that Rivers admitted to counsel

that he engaged in sexual acts with the victims. *Id.* The TCCA ultimately found that Mahler,

Trotter, and Barber rendered effective assistance of counsel, and that Rivers failed to show how

he was prejudiced by his counsel's representation. *Id.* at 13.

Rivers argues that his counsel were ineffective for failing to call expert witnesses at trial.

ECF No. 27-2 at 31. Specifically, Rivers contends that his counsel should have called expert

witnesses to "refute" his child pornography conviction. *Id.* at 33. "The Court specifically rejected

the possibility that due process requires that 'all competent, reliable evidence must be admitted.'"

*Pierce v. Thaler*, 355 Fed. App'x 784 (5th Cir. 2009) (internal quotations omitted). Here, Rivers

has failed to produce any evidence or argument as to the specific testimony the proposed expert witnesses would have been able to provide and that failure is critical to his case. In light of the record before the Court and the evidence presented at trial, the undersigned cannot find that counsel's failure to call expert witnesses violates his constitutional rights. Further, the TCCA denied relief on the merits on the basis of these findings, and this decision is not contrary to federal law. Accordingly, habeas relief is not warranted on this ground.

Rivers also argues that his counsel failed to interview any witnesses on the list he provided them. ECF No. 27-2 at 33. According to Rivers, his counsel failed to interview a number of alibi witnesses who were willing to testify that Rivers did not download the child pornography on the laptop that implicated him. *Id.* The Fifth Circuit "has emphasized that 'complaints of uncalled witnesses are not favored, because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have testified are largely speculative.'" *United States v. Cockrell*, 720 F.2d 1423, 1427 (5th Cir. 1983) (quoting *Buckelew v. United States*, 575 F.2d 515, 521 (5th Cir. 1978)). Moreover, a petitioner making a claim of "ineffective assistance based on counsel's failure to call a witness [is required] to demonstrate prejudice by 'nam[ing] the witness, demonstrat[ing] that the witness was available to testify and would have done so, set[ting] out the content of the witness's proposed testimony, and show[ing] that the testimony would have been favorable to a particular defense.'" *Woodfox v. Cain*, 609 F.3d 774, 808 (5th Cir. 2010) (quoting *Day v. Quaterman*, 566 F.3d 527, 538 (5th Cir. 2009)). Rivers has not provided affidavits from the potential witnesses nor any assurance that they would have appeared at trial had counsel interviewed them. *Cockrell,* 720 F.2d at 1427 (finding that complaints of uncalled witnesses are not favored and an affidavit from the witness is necessary to demonstrate what the witness would have testified at trial). Rather, Rivers merely speculates as to what

6

testimony he believes those witnesses would have given. *See* ECF No. 4 at 66. His allegation that

his counsel failed to interview and call a witness, without more, is insufficient to warrant habeas

relief.

Rivers further contends that his counsel was ineffective for failing to conduct an objectively

reasonable investigation of his case and for advising him not to testify at trial. ECF No. 27-2 at 34.

According to Rivers, his counsel failed to fully investigate and develop all aspects of his defense

because they: (1) failed to properly cross-examine the expert witnesses and victims; (2) failed to

rebut the state's expert opinions due to the lack of investigation; (3) failed to investigate further

into his ex-wife's motive to testify against him; and (4) failed to investigate the alleged fact that

Rivers could not have downloaded at least "2 of 3 of the alleged porn images" because he was out

of town. *Id.* at 30–43.

Habeas relief can be warranted on the ground of ineffective assistance of counsel where an

attorney does not engage in a reasonable amount of pretrial investigation, which at a minimum

requires counsel to interview potential witnesses and make an independent investigation of the

facts and circumstances in the case. *Bryant v. Scott*, 28 F.3d 1411, 1415 (5th Cir. 1994) (citing

*Nealy v. Cabana*, 764 F.2d 1173, 1177 (5th Cir. 1985)); *see also Anderson v. Johnson*, 338 F.3d

382, 391 (5th Cir. 2003). A strong indication that counsel performed unreasonably is if counsel

did not interview eyewitnesses and alibi witnesses. *Bryant*, 28 F.3d at 1415. Counsel provides

ineffective assistance where he relies solely on discussions with the defendant and material

provided by the prosecution. *Anderson*, 338 F.3d at 391.

"In assessing unreasonableness a heavy measure of deference must be applied to counsel's

judgments. A defendant who alleges a failure to investigate on the part of his counsel must allege

with specificity what the investigation would have revealed and how it would have altered the

outcome of the trial." *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989) (citations omitted). "Under *Strickland*, however, a petitioner cannot "simply allege but must 'affirmatively prove' prejudice." *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992) (quoting *Celestine v. Blackburn*, 750 F.2d 353, 356 (5th Cir. 1984)). "Mere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue." *Green v. Johnson*, 160 F.3d 1029, 1042 (5th Cir. 1998). "Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition (in state and federal court), unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value." *Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983).

The State relies on the state habeas court's findings that Rivers's counsel interviewed potential witnesses, reviewed evidence regarding Rivers's ex-wife's motive to implicate Rivers, consulted with Rivers to prepare for trial, and made the strategic decision not to interview the victims of the offense. ECF No. 19 at 11–12. The state habeas court ultimately found that Rivers's claims of ineffective assistance of counsel failed because counsel's "overall trial strategy was reasonable" and that the amount of trial preparation rendered in Rivers's case does not prove that his counsel's performance fell below an objective standard of performance. *Id.*

Mahler, Trotter, and Barber all submitted sworn affidavits to the TCCA concerning their representation of Rivers. All three affidavits state that counsel met with Rivers on numerous occasions, that their defense strategy was limited by the fact that Rivers had admitted to counsel that he engaged in sexual activities with the victims for several years, that counsel interviewed all witnesses provided by Rivers—including the alibi witnesses Rivers contends were never interviewed, and that it was a strategic trial decision not to have Rivers testify at trial or bring on additional experts due to the type of offenses involved in the case. ECF No. 24-10 at 60–138.

A "conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *Green v. Johnson*, 116 F.3d 1115, 1122 (5th Cir. 1997) (quoting *Garland v. Maggio*, 717 F.2d 199, 206 (5th Cir. 1983)). "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable[.]" *Strickland*, 466 U.S. at 690. Rivers summarily argues that his counsel's trial strategy was flawed, and thus rendered ineffective assistance of counsel. While the Court must construe a *pro se* habeas petition liberally, conclusory allegations are insufficient to raise cognizable claims of ineffective assistance of counsel. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (citing *Estelle*, 694 F.2d at 1012); *see also United States v. Daniels*, 12 F. Supp. 2d 568, 575 (N.D. Tex. 1998) (holding that conclusory allegations cannot serve as basis for a claim of ineffective assistance of counsel in a habeas proceeding). In light of the state habeas court's findings and counsel's sworn affidavits, Rivers's ineffective assistance of counsel claims do not prove that his counsel's representation fell below an objectively reasonably standard of performance. Because Rivers has not overcome his burden of establishing how his counsel's strategy was so flawed that it prejudiced his case, the undersigned recommends that River's claims of ineffective assistance of trial counsel be denied.

## II.      Ineffective Assistance of Appellate Counsel

Rivers argues that his appellate counsel, Barber and Dustin Nimz ("Nimz"), were ineffective for failing to conduct a reasonable investigation into mitigating evidence. ECF No. 27-2 at 28–29. Specifically, Rivers argues that his first appellate counsel, Barber, made "no contact" with Rivers during his representation of him on appeal, improperly advised Rivers not to testify at trial, and failed to advise Nimz—who replaced Barber as Rivers's appellate counsel—on the status

of the case. *Id.* at 28. With regard to Nimz, Rivers argues that he was unfamiliar with the case, failed to raise issues on appeal, and missed court ordered deadlines. *Id.* at 29. Rivers contends that both Barber and Nimz failed to conduct a reasonable investigation concerning the issues on appeal and, further, failed to consult with Rivers himself. *Id.*

In a claim of ineffective assistance of counsel on appeal, a petitioner must demonstrate both that "counsel's errors were so serious that counsel was not functioning as the counsel guaranteed to the defendant by the sixth amendment" and "that the particular lapse was prejudicial, meaning that there is a reasonable probability that but for the error the ultimate result would have been different." *McCrae v. Blackburn*, 793 F.2d 684, 688 (5th Cir. 1986). A reasonable probability is one sufficient to undermine confidence in the outcome of the appeal. *Sharp v. Puckett*, 930 F.2d 450, 453 (5th Cir. 1991). The Constitution does not require appellate counsel to raise every nonfrivolous ground that might be asserted on appeal. *Jones v. Barnes*, 463 U.S. 745, 751 (1983). "Instead, to be deficient, the decision not to raise an issue must fall 'below an objective standard of reasonableness.'" *United States v. Phillips,* 210 F.3d 345, 348 (5th Cir. 2000) (quoting *Strickland,* 466 U.S. at 688). "[A] reasonable attorney has an obligation to research relevant facts and law, or make an informed decision that certain avenues will not prove fruitful. Solid, meritorious arguments based on directly controlling precedent should be discovered and brought to the court's attention." *United States v. Williamson*, 183 F.3d 458, 463 (5th Cir. 1999). To determine whether appellate counsel was deficient, the Court thus must consider whether the omitted challenge "would have been sufficiently meritorious such that [the attorney] should have raised it on appeal." *Phillips,* 210 F.3d at 348.

Rivers states that neither Barber nor Nimz "performed any objectively reasonably investigation for [his] appeal." ECF No. 27-2 at 29. A petitioner who alleges a failure to investigate

10

on the part of counsel *must* allege with specificity what the investigation would have revealed and how it would have altered the outcome of the proceeding. *Alexander v. McCotter,* 775 F.2d 595, 602 (5th Cir. 1985); *Gray v. Lucas,* 677 F.2d 1086, 1093 (5th Cir. 1982). Conclusory claims are insufficient to entitle a habeas corpus petitioner to relief. *United States v. Woods,* 870 F.2d 285, 288 (5th Cir. 1989); *Schlang v. Heard,* 691 F.2d 796, 799 (5th Cir. 1982). Here, Rivers's conclusory allegations that both Barber and Nimz failed to properly investigate his case on appeal do not sufficiently specify what a further investigation by either Barber or Nimz would have revealed. Thus, Rivers's claim does not meet the second prong of *Strickland*, as Rivers does not argue or provide sufficient support of how the result on appeal would have been different. Because these claims are conclusory in nature, they fail to state a ground upon which habeas relief may be granted. *Estelle*, 694 F.2d at 1012. Rivers has failed to demonstrate that his counsel's performance on appeal was objectively unreasonable or that it resulted in prejudice. Therefore, habeas relief on this ground should be denied.

### III.    Impartial Jury

Rivers argues that he was denied the right to a fair and impartial jury because one of the jurors, Ms. Green ("Green"), "became ill" and was "admitted to the hospital," and thus Rivers was forced to proceed with an eleven-member jury. ECF No. 27-2 at 26. Rivers challenges the state judge's decision to declare Green "disabled" and to proceed with an eleven-person jury. *Id.* It appears that Rivers challenges the constitutionality of not having a twelve-person jury. The Sixth Amendment constitutional guarantee of trial by jury in criminal cases applies to the states through the Fourteenth Amendment; however, the Sixth Amendment does not prescribe the size of the jury a state must provide for a criminal defendant. *Duncan v. Louisiana,* 391 U.S. 145, 149 (1968). In *Williams v. Florida,* the Supreme Court held that a twelve-member jury was not an indispensable

component of the Sixth Amendment jury trial guarantee. 399 U.S. 78, 100 (1970). However, in *Ballew v. Georgia,* the Supreme Court held that a jury of fewer than six members does violate the constitutional guarantee. 435 U.S. 223, 239 (1978).

Article 36.29(a) of the Texas Code of Criminal Procedure provides "not less than twelve jurors can render and return a verdict in a felony case." However, the article provides an exception that if one juror dies or becomes "disabled" before the jury is given its charge, the remaining eleven jurors have the power to render a verdict. Tex. Code Crim. Proc. art. 36.29(c); *see Mills v. Collins*, 924 F.2d 89, 91 (5th Cir. 1991) (finding that the state district court's interpretation of Article 36.29(c) was not subject to review); *Moore v. Director*, No. 9:12-CV-100, 2015 WL 10793852, *4 (E.D. Tex. Aug. 5, 2015) (petitioner was not prejudiced when the state habeas court excused a juror from the jury due to a sudden illness). Here, Rivers has failed to show the state habeas court's finding was contrary to or involved an unreasonable application of clearly established federal law, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. 28 U.S.C. § 2254(d).

Further, Rivers argues that juror Luke Oechsner ("Oechsner") allegedly knew the victims and their families, and thus Rivers was denied an impartial jury trial by the presence of this juror. ECF No. 27-2 at 27. In response, the State relies on the state appellate court finding, based on the sworn affidavit submitted by Oechsner and the testimony of the witnesses, that it was "implicitly determined that Oechsner did not know the victims or their families." ECF No. 22-18 at 8.

 "The Sixth Amendment requires that in all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury." *Solis v. Cockrell*, 342 F.3d 392, 395 (5th Cir. 2003). The Sixth Amendment does not prescribe a specific test as to what constitutes impermissible juror bias. *Id.* "Bias can be actual or implied; that is, it may be bias in fact or bias

conclusively presumed as a matter of law." *McDonough Power Equipment, Inc. v. Greenwood*, 464 U.S. 548, 556–57 (1984). Implied bias cases warranting a new trial occur only in "extreme situations." *Solis*, 342 F.3d at 395. In *Uranga v. Davis*, the Fifth Circuit recently clarified that the following instances "rise to the level of the extreme situations" to "trigger the application of the implied bias doctrine:" a juror who is an actual employee of the prosecuting agency, a juror who is a close relative of one of the participants in the trial, or a juror who was a witness or somehow involved in the criminal transactions. ___ F.3d ___, 2018 WL 3028691, at *4–5 (5th Cir. 2018). Here, there is no evidence in the record that indicates that Oechsner knew any of the victims or their families, and thus Rivers's request for relief on this ground lacks merit. However, even assuming *arguendo* that Oeschner knew the victims and their families, this alone is not the type of "extreme situation" to warrant habeas relief. Thus, the circumstances of this case do not rise to the level of the extreme situations that previously have been found to constitute juror bias. Habeas relief is not warranted on this ground.

## IV.    Prosecutorial Misconduct

Rivers argues that his constitutional rights were violated due to the misconduct of the prosecutor at trial. ECF No. 27-2 at 20–21. A claim of prosecutorial misconduct is actionable on federal habeas review only where the alleged misconduct so infected the trial with unfairness as to make the resulting conviction a denial of due process. *Darden v. Wainwright*, 477 U.S. 168, 181 (1986). Due process is only violated when the alleged conduct deprived the petitioner of his right to a fair trial. A trial is fundamentally unfair if there is a reasonable probability the verdict might have been different had the trial been properly conducted. *Styron v. Johnson,* 262 F.3d 438, 454 (5th Cir. 2001). As a general rule, habeas corpus relief is available for prosecutorial misconduct only when the prosecutor's conduct is so egregious in the context of the entire trial that it renders

the trial fundamentally unfair. *Darden,* 477 U.S. at 181. The conduct must either be so persistent

and pronounced, or the evidence so insubstantial that, but for the remarks, no conviction would

have occurred. *Kirkpatrick v. Blackburn,* 777 F.2d 272, 281 (5th Cir. 1985) (*per curiam*).

Here, Rivers argues that the prosecutor "tainted" the jurors with his "improper association

between Ted Bundy and [Rivers]." ECF No. 27-2 at 24. Specifically, Rivers argues that the

prosecutor's use of PowerPoint to compare him to the notorious murderer Ted Bundy rendered his

trial fundamentally unfair. *Id.* In response, the State argues that Rivers failed to show how the

prosecutor's trial strategy rendered his trial fundamentally unfair and relies on trial counsel's

affidavits submitted to the state habeas court, which provided that the examples the prosecutor

used in his PowerPoint presentation were "nothing out of the ordinary." ECF No. 19 at 28; ECF

No. 24-10 at 67, 87, and 115. Rivers has not shown that the prosecutor's trial strategy was so

egregious as to render his trial fundamentally unfair. To the extent that Rivers argues that his

counsel were ineffective for failing to object to the prosecutor's presentation and statements during

jury *voir dire*, Rivers fails to show that his counsel's decisions not to object gave rise to

constitutional violations. *See Zafiro v. United States,* 506 U.S. 534, 540–41 (1993) ("[E]ven if

there were some risk of prejudice, here it is of the type that can be cured with proper instructions,

and 'juries are presumed to follow their instructions.'"); *Johnson v. Cockrell,* 306 F.3d 249, 255

(5th Cir. 2002) (finding that counsel is not require to make frivolous objections). Accordingly,

Rivers has failed to show he is entitled to habeas relief on this basis.

## V.    Constitutionality of Texas Penal Code Article 21.02

Rivers further contends that Article 21.02 of the Texas Penal Code is unconstitutional

because the statute "requires 2 or more acts of sexual abuse within a 30 day or more duration of

time," and thus creates a risk that juries can disagree over which specific acts to use to convict a

defendant of the offense. ECF No. 27-2 at 25. Further, Rivers contends that Article 21.02 is the

"only statute in Texas which does not require jury unanimity," and thus is unconstitutional. *Id.*

> Article 21.02 of the Texas Penal Code provides:
>
> A person commits an offense if: (1) during a period that is 30 or more days in duration, the person commits two or more acts of sexual abuse, regardless of whether the acts of sexual abuse are committed against one or more victims; and (2) at the time of the commission of each of the acts of sexual abuse, the actor is 17 years of age or older and the victim is a child younger than 14 years of age.

Tex. Penal Code § 21.02(b).

Rivers makes conclusory allegations that Article 21.02 "creates a risk where juries can

disagree over which specific acts to conflict a defendant" without explaining how the elements of

the offense would cause such issues. Conclusory claims are insufficient to entitle a habeas corpus

petitioner to relief. *Woods,* 870 F.2d at 288. To the extent that Rivers claims that Article 21.02 is

unconstitutional because it does not require a unanimous jury verdict, the claim fails. There is no

federal constitutional right to a unanimous jury verdict in state criminal proceedings. *Urseti v.*

*Davis*, No. 3:16-CV-802-G-BH, 2018 WL 2075837 (N.D. Tex. Mar. 19, 2018) (citing *Apodaca v.*

*Oregon*, 406 U.S. 404, 406–410 (1972)); *see also Johnson v. Louisiana*, 406 U.S. 356, 359 (1972)

("We note at the outset that this Court has never held jury unanimity to be a requisite of due process

of law. Indeed, the Court has more than once expressly said that '[i]n criminal cases, due process

of law is not denied by a state law . . . which dispenses with the necessity of a jury of twelve, or

unanimity in the verdict' ") (citations omitted). Accordingly, habeas relief is not warranted on this

ground.

## VI.    Grand Jury Proceedings

Rivers further contends that the selection of the grand jury that indicted him was

unconstitutional. ECF No. 27-2 at 18. Specifically, Rivers argues that the grand jury selection was

based on the "pick-a-pal system where a judge would select a panel of Jury Commissioners who would then select a panel of grand jurors," and thus violated his due process rights. *Id.* Rivers appears to argue that the grand jury was not selected at random as required under Article 19.01 of the Texas Code of Criminal Procedure. *Id.*; Tex. Code Crim. Proc. art. § 19.01.

While Rivers does have a right to have a fair cross-section of the community on panels from which grand jurors are chosen, Rivers does not plead the elements of a fair cross-section claim. *Duren v. Missouri,* 439 U.S. 357, 364 (1979); *Paredes v. Quarterman,* 574 F.3d 281, 289 (5th Cir. 2009) ("The fair-cross-section requirement does not guarantee 'jur[ies] of any particular composition.'"). Instead, Rivers makes conclusory allegations that the grand jury was not selected at random without any supporting facts. "Although *pro se* habeas petitions must be construed liberally, 'mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue.'" *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990) (quoting *Woods*, 870 F.2d at 288 n.3); *see Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983) (emphasizing that mere conclusory allegations do not raise constitutional issues in habeas proceedings). Rivers has offered no facts or circumstances that could demonstrate that he is entitled to relief on this ground.

## VII.    Judicial Impropriety

In his last claim for relief, Rivers argues that he was deprived of a fair and impartial trial because the state habeas judge, Judge Bob Brotherton, did not appoint Rivers an attorney, and he was "forced" to proceed *pro se.* ECF No. 27-2 at 16. In addition, Rivers states that he filed an application for a court of inquiry under Chapter 52 of the Texas Code of Criminal Procedure, in which he alleged Judge Brotherton "committed obstruction, perjury, and criminal violations." *See* Tex. Code Crim. Proc. art. 52.01. *Id.* Rivers argues that because he filed the application for a court

of inquiry, that Judge Brotherton was required to "voluntarily recuse himself and/or disqualify himself from further acting in the proceedings on remand." ECF No. 27-2 at 17.

However, as the State argues, in general there is "no constitutional right to habeas counsel in state collateral proceedings exists, so [an inmate] cannot claim a constitutional violation." *Beazley v. Johnson*, 242 F.3d 248, 271 (5th Cir. 2001); *Barraza v. Cockrell*, 330 F.3d 349, 352 (5th Cir. 2003) ("[T]here is no constitutional right to competent habeas counsel."); *see also Fairman v. Anderson*, 188 F.3d 635, 643 (5th Cir. 1999) ("[B]ecause appointment of counsel on state habeas is not constitutionally required, any error committed by an attorney in such a proceeding cannot be constitutionally ineffective."); 28 U.S.C. § 2254(i) (providing that the ineffectiveness or incompetence of counsel during state collateral post-conviction proceedings shall not be a ground for relief). Thus, Rivers's claim fails on this ground.

With regard to Rivers's claim that he was denied a fair and impartial tribunal, the undersigned notes that Rivers simply makes conclusory allegations that Judge Brotherton "committed obstruction, perjury, and criminal violations" without any supporting facts. ECF No. 27-2 at 16. A criminal defendant has the right to a fair and impartial tribunal under the Due Process Clause. *Richardson v. Quarterman*, 537 F.3d 466, 474 (5th Cir. 2008) (citing *Bracy v. Gramley*, 520 U.S. 899 (1997)). A defendant is entitled to a fair trial before a judge with no actual bias against the defendant or interest in the outcome of the particular case. *Id.* Judicial bias is not easily established, and courts presume that a judge has properly discharged official duties. *Id.* General allegations of judicial bias are insufficient to establish a constitutional violation. *Id.* Courts have found constitutionally intolerable bias only in extreme cases. *Aetna Life Ins. Co.,* 475 U.S. at 821, 822 (1986) (finding that, for the requisite extreme case, a party must show a judge has a "direct, personal, substantial, pecuniary interest in reaching a conclusion against him in his case."). Rivers

has not presented any evidence that Judge Brotherton had a personal, substantial, or pecuniary interest in his case, and Rivers certainly has not offered any evidence that shows an extreme case where there was a probability of bias that was so high that it was constitutionally intolerable.

Further, Rivers argues that Judge Brotherton was required to recuse himself after Rivers filed the request for a court of inquiry under Chapter 52 of the Texas Code of Criminal Procedure. ECF No. 27-2 at 16. Chapter 52 allows a district judge to request the appointment of another judge to conduct a court of inquiry if the judge finds that probable cause exists to believe an offense has been committed. Tex. Code Crim. Proc. art. 52.01(a). Nothing in Chapter 52 indicates that Judge Brotherton was required to recuse himself based on Rivers's application for a court of inquiry.

To the extent that Rivers argues that the state trial judge failed to file any additional findings and conclusions after the case was remanded by the TCCA, Rivers's claim lacks merit. In its review of Rivers's habeas application for the second time, the TCCA expressly stated:

> On October 5, 2016, we remanded these applications for a response from counsel and findings of fact and conclusions of law from the trial court. On remand, counsel filed affidavits in response to Applicant's claims, and the trial court entered findings of fact and concluded that counsel were not ineffective. We agree.

*Ex parte Rivers*, Nos. WR-84,550-01 & 84,550-02, 2017 WL 338091 (Tex. Crim. App. June 7, 2017). Thus, Rivers's claim that Judge Brotherton failed to follow the procedures and recommendations of the TCCA by not filing any findings of fact is simply false. Accordingly, habeas relief is not warranted on these grounds.

### Conclusion

Because Petitioner has not shown that he is entitled to habeas relief, the undersigned **RECOMMENDS** that Petitioner's Amended Petition for Writ of Habeas Corpus (ECF No. 27) be **DISMISSED with prejudice.**

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Signed July 27, 2018.

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE

19