# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# WICHITA FALLS DIVISION

| | | |
|---|---|---|
| DANNY RICHARD RIVERS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 7:17-cv-124-O-BP |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

This is a habeas action brought pursuant to 28 U.S.C. § 2254 in which Petitioner challenges the validity of his 2012 convictions for continuous sexual abuse of a young child, indecency with a child by exposure, indecency with a child by sexual contact (two counts), and possession of child pornography (two counts). *See* Trial Court Judgments, ECF No. 22-10 at 231-48 (Bates Stamped 225-42). The United States Magistrate Judge entered his Findings, Conclusions, and Recommendation in which he recommends that the petition be denied. *See* ECF No. 38. Objections were filed by Petitioner. ECF No. 43. The district court reviewed de novo those portions of the proposed Findings, Conclusions, and Recommendation to which objection was made, and reviewed the remaining proposed Findings, Conclusions, and Recommendation for plain error. Finding no error, I am of the opinion that the findings of fact, conclusions of law, and reasons for denial set forth in the Magistrate Judge's Recommendation are correct and they are hereby adopted and incorporated by reference as the Findings of the Court with the following exceptions:

In his objections, Petitioner states that he is not confined in the Allred Unit in Iowa Park, Texas. Rather, he is confined in the McConnell Unit in Beeville, Texas. Based on Petitioner's statement and on the return address on the envelope in which his objections were submitted, the **Clerk of Court** shall update Petitioner's address on the docket sheet to reflect that he has moved to the McConnell Unit.

Petitioner challenges the Magistrate Judge's factual determination that no affidavits were produced to support Petitioner's claim of ineffective assistance of counsel for failure to call additional defense witnesses. Petitioner is correct in that he filed three affidavits in support of this claim; the affidavits of Antonio Dino Fernandez, Misty Rodd-Finley, and Danny R. Rivers, Sr. *See* Petitioner's Exhibits, ECF No. 27-3 at 9-11. These affidavits were also filed in the state habeas proceeding and were before the Texas Court of Criminal Appeals. *See* ECF No. 23-3 at 3-5; ECF No. 23-12 at 2. The state habeas court reviewed the affidavits of Petitioner's attorneys finding them to be reliable and credible. *See* ECF No. 25-22 at 79-87. Such credibility determinations by the state habeas court must be afforded deference. *See Carter v. Collins*, 918 F.2d 1198, 202 (5th Cir. 1990) ("a state court may evaluate an ineffective assistance of counsel claim by making credibility determinations based on affidavits submitted by the petitioner and the attorney"). Findings of fact made by a state court on competing affidavits regarding a claim of ineffective assistance of counsel must be presumed correct unless the petitioner presents clear and convincing evidence to the contrary. *See Gregory v. Thaler*, 601 F.3d 347, 2010 WL 1010598, at *4 (5th Cir.2010); 28 U.S.C. § 2254(e)(1). Petitioner has offered no evidence other than the same affidavits that were before the

Court of Criminal Appeals.[1] Therefore, the credibility determinations made by the state habeas court must be afforded deference. *Coleman v. Quarterman*, 456 F.3d 537, 541 (5th Cir. 2006).

For the foregoing reasons, the petition for writ of habeas corpus is **DENIED.**

**SO ORDERED** this **17th day** of **September, 2018**.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**

---

[1] The Court of Criminal Appeals' written order denying state habeas relief is located at ECF No 24-13 in the instant case, and at *Ex parte Rivers*, Nos. WR-84,550-01 & 84,550-02, 2017 WL 3380491 (Tex. Crim. App. June 7, 2017).