IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| **DANNY RICHARD RIVERS,** § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | |
| § | Civil Action No. 7:17-cv-124-O-BP |
| **LORIE DAVIS,** Director, § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
| § | |
| Respondent. § | |

### ORDER

Before the Court is Petitioner's "Motion for Rehearing with Suggestion of Rehearing En Banc." ECF No. 47. Upon review of the motion and of the record in this case, the Court finds and orders as follows:

Petitioner states that he seeks a rehearing on the ruling of this Court pursuant to Federal Rules of Appellate Procedure 35(c) and 40(a). *See id.* at 1. The Rules of Appellate Procedure do not apply to district court proceedings. *See Smith v. Compass Rose Servs., Inc.*, No. CIV. A. 95-3675, 1998 WL 92283, at *1 (E.D. La. Mar. 2, 1998) (citing Fed. R. App. P. 1(a) and finding that "Rule of Appellate Procedure 40(a) does not apply to motions for reconsideration presented to a district court.").

The Court finds that Petitioner's motion should be construed as being filed under Federal Rule of Civil Procedure 59(e). *Johnson v. Davis*, No. 18-20052, 2018 WL 5919562, at *1 (5th Cir. Nov. 9, 2018) (construing a Rule 60(b) motion, filed within 28 days of the entry of judgment, as a

motion filed under Rule 59(e)) (citing *Mangieri v. Clifton*, 29 F.3d 1012, 1015 n.5 (5th Cir. 1994) and *Harcon Barge Co. v. D & G Boat Rentals, Inc.*, 784 F.2d 665, 668-69 (5th Cir. 1986) (en banc)).

Rule 59(e) mandates that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment." Judgment in this case was entered on September 17, 2018. The deadline for filing a Rule 59 motion was October 15, 2018. Petitioner's motion was tendered to prison authorities for mailing on October 26, 2018. Although the Rule 59(e) motion appears untimely, Petitioner has submitted an affidavit verifying that he did not receive the Court's order denying habeas relief until October 15, 2018. *See* ECF No. 48. Review of the record in this case supports Petitioner's sworn statement. In the order denying habeas relief, the Court stated:

> In his objections, Petitioner states that he is not confined in the Allred Unit in Iowa Park, Texas. Rather, he is confined in the McConnell Unit in Beeville, Texas. Based on Petitioner's statement and on the return address on the envelope in which his objections were submitted, the **Clerk of Court** shall update Petitioner's address on the docket sheet to reflect that he has moved to the McConnell Unit.

ECF No. 44 at 2. Unfortunately, through clerical oversight, the Court's order denying relief and final judgment were mailed to Petitioner at the Beto Unit in Tennessee Colony, Texas, rather than the McConnell Unit in Beeville, Texas. *See* Notice of Change of Address, ECF No. 35. Petitioner's address has now been updated to reflect that he is confined in the McConnell Unit. *See* ECF No. 51.

In light of the circumstances, the Court finds that Petitioner's Rule 59(e) motion, filed 21 days after he received the Court's order and judgment, is timely. *See Johnson v. Louisiana*, No. CIV. A. 01-2002, 2007 WL 2874481, at *1 n.2 (E.D. La. Sept. 26, 2007) (deeming habeas petitioner's Rule 59(e) motion timely where petitioner met the filing deadline as determined from the date he received the court's final judgment).

"A motion to alter or amend judgment under Rule 59(e) must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003) (internal quotations omitted). Although a district court has considerable discretion in deciding whether to amend or alter a judgment, the court must "strike the proper balance between the need for finality and the need to render just decisions on the basis of all the facts." *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir. 1995). With this balance in mind, the Fifth Circuit has observed that Rule 59(e) motions are disfavored and should be granted only sparingly. *See Southern Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir.1993).

While a habeas petitioner may file a Rule 59(e) motion to alter or amend judgment, the Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a state prisoner may file a second or successive application for habeas relief in federal court. In general, a later petition is successive when it raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition or otherwise constitutes an abuse of the writ. *Leal Garcia v. Quarterman*, 573 F.3d 214, 222 (5th Cir. 2009); *Crone v. Cockrell*, 324 F.3d 833, 836-37 (5th Cir. 2003).

In *Gonzalez v. Crosby*, 545 U.S. 524 (2005), the United States Supreme Court held that a motion filed under Rule 60, Federal Rules of Civil Procedure, that "seeks to add a new ground for relief" or "attacks the federal court's previous resolution of a claim on the merits" is a successive 28 U.S.C. § 2254 petition. 545 U.S. at 532. "Conversely, [the court] should not treat a postjudgment

-3-

motion as a successive § 2254 application when the motion asserts that a previous ruling which precluded a merits determination was in error—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar or when the motion attacks some defect in the integrity of the federal habeas proceedings." *Uranga v. Davis*, 893 F.3d 282, 284 (5th Cir. 2018) (internal quotations omitted).  The United States Court of Appeals for the Fifth Circuit has applied *Gonzalez* to Rule 59 motions.  *See Williams v. Thaler*, 602 F.3d 291, 303-04 (5th Cir. 2010); *United States v. Patton*, No. 17-10942, ___ Fed. App'x ___, 2018 WL 4328623, at *2–3 (5th Cir. Sept. 10, 2018) (per curiam) (unpublished).

In the instant case, Petitioner sought habeas relief on grounds of ineffective assistance of trial counsel, ineffective assistance of appellate counsel, denial of an impartial jury, denial of a fair trial due to prosecutorial misconduct, the unconstitutionality of Article 21.02 of the Texas Penal Code, unconstitutional proceedings of his grand jury selection, and judicial impropriety.  *See Petition*, ECF No. 1 at 6-8; Motion for Leave to Amend, ECF No. 27 at 8-10.  His claims were reviewed by the Court and habeas relief was denied on the merits.  *See* Findings, Conclusions, and Recommendation of the United States Magistrate Judge, ECF No. 38; Order Accepting Findings, Conclusions, and Recommendation of the United States Magistrate Judge, ECF No. 44.  In the instant motion, Petitioner attacks the Court's previous resolution of his claims on the merits and he expounds on his arguments in support of his grounds for relief.  Therefore, the instant motion constitutes a successive Section 2254 habeas petition.

When a habeas petition is second or successive, the petitioner must seek an order from the Fifth Circuit Court of Appeals that authorizes this Court to consider the petition.  *See* 28 U.S.C.

§ 2244(b)(3)(A). Because the instant motion is a successive habeas petition, this Court is without jurisdiction to entertain the petition unless leave to file is granted by the Fifth Circuit. *See Crone, supra*.

For the foregoing reasons, Petitioner's Rule 59(e) motion (ECF No. 47), construed as a successive habeas petition, is **DISMISSED** for lack of jurisdiction.

For statistical purposes, the **Clerk of Court** is directed to open and close a new habeas action (nature of suit code 530).

**SO ORDERED** this **30th day** of **November, 2018.**

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**